Filed 9/25/24  P. v. Jimenez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL JIMENEZ,<br><br>    Defendant and Appellant. | H051809<br>(Monterey County<br> Super. Ct. No. 18CR004825) |

**THE COURT[1]**

Defendant Miguel Jimenez appeals an order denying a petition for resentencing under Penal Code section 1172.6.[2]  On appeal, counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and Jimenez filed a supplemental letter.  Having reviewed Jimenez's letter, we conclude that Jimenez has failed to raise an arguable issue on appeal and affirm the order.

**I. PROCEDURAL BACKGROUND[3]**

In August 2019, Jimenez pleaded no contest to second degree attempted murder (§§ 187, subd. (a), 664), street terrorism (§ 186.22, subd. (a)), and assault with a deadly

---

[1] Before Greenwood, P. J., Grover, J. and Danner, J.

[2] Undesignated statutory references are to the Penal Code.

[3] The underlying facts are not relevant to this appeal but were stated in this court's opinion in Jimenez's prior appeal.  (*People v. Jimenez* (July 27, 2023, H050000) [nonpub. opn.].)

weapon (§ 245, subd. (a)(1)). He also admitted allegations of firearm use (§ 12022.5, subd. (a)), and a prior strike. In the plea waiver form, Jimenez agreed that the preliminary hearing transcript provided a factual basis for the conviction. At the change of plea hearing, Jimenez's counsel stipulated to a factual basis as set forth in the plea waiver. The trial court imposed an aggregate sentence of 20 years and four months. In January 2022, Jimenez petitioned for resentencing under former section 1170.95. After the trial court found that Jimenez had failed to make a prima facie showing and denied the petition, Jimenez appealed. In an unpublished opinion (*People v. Jimenez*, *supra*, H050000), this court reversed and remanded the matter with instructions to issue an order to show cause and to conduct further proceedings in accordance with Penal Code section 1172.6. [4]

Upon remand, the trial court held an evidentiary hearing where the court heard testimony from multiple witnesses and received other evidence including video surveillance of the crime. On January 30, 2024, the trial court found that Jimenez was the direct perpetrator of the shooting and that he harbored the express malice of the intent to kill. Based on these findings, the trial court denied Jimenez's petition. Thereafter, Jimenez filed a timely notice of appeal.

On appeal, counsel filed an opening brief pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231-232. We notified Jimenez that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Jimenez filed a timely supplemental letter.

---

[4] Appellant's May 7, 2024 request for judicial notice is granted. We take judicial notice of the opinion filed in *People v. Jimenez*, *supra*, H050000, as well as the resentencing petition, the trial court order denying the resentencing petition, and the preliminary hearing transcript that were included in the record filed in that previous appeal.

## II. DISCUSSION

In his one paragraph supplemental letter, Jimenez states that there was insufficient evidence at the evidentiary hearing to prove that he was one of the suspects, that witness testimony was inconsistent and that some of the evidence was based on hearsay. The letter fails to raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

The trial court held a hearing where multiple individuals testified and the video surveillance of the crime was admitted. Based on this evidence, the court expressly concluded that one of those two individuals observed on the video was the Defendant. The court stated, "[i]t's well-proven beyond a reasonable doubt" that "[d]efendant was one of the two individuals" who fired "repeated shots directly at the victims, narrowly missing them as they fled, striking the items directly located behind their flight." On appeal, we must defer to the trial court's factfinding, and we review the trial court's findings for substantial evidence. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 591, review den. (Oct. 12, 2022).) Except to say that the video quality is poor, Jimenez fails to explain why the court's finding that he was one of the individuals on the video was in error or why we should not defer to the trial court's finding. Nor does Jimenez suggest another valid basis for this court to question whether substantial evidence supports the trial court's findings.

Vague assertions regarding inconsistent or inadmissible evidence without specificity are insufficient to raise an arguable issue. On appeal, we are required to accept factual inferences made by the trial court and to presume that the facts support the judgment. (*People v. Mitchell, supra,* 81 Cal.App.5th at p. 591.) We must also presume that the court's judgment was correct, and it is the appellant's burden to affirmatively demonstrate error. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Jimenez

3

having failed to raise an arguable issue in his supplemental letter, we must affirm the trial court's order.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

### III.    DISPOSITION

The order denying the section 1172.6 petition is affirmed.

4